**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| ANDY MILLER, | ) | |
| | ) | |
| Petitioner, | ) | 3:11-cv-00612-RCJ-VPC |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| RENEE BAKER, | ) | |
| | ) | |
| Respondent. | ) | |

   Petitioner Andy Miller filed an application to proceed *in forma pauperis* and submitted a petition for a writ of habeas corpus and motion for appointment of counsel (ECF No. 1). In *forma pauperis* status was denied. Petitioner has paid the filing fee for this action. (ECF No. 4). The petition shall now be filed and served on respondents.

   A petition for federal habeas corpus should include all claims for relief of which petitioner is aware. If petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. §2254(b) (successive petitions). If petitioner is aware of any claim not included in his petition, he should notify the Court of that as soon as possible, perhaps by means of a motion to amend his petition to add the claim.

   There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities

1  of the case are such that denial of counsel would amount to a denial of due process, and where the
2  petitioner is a person of such limited education as to be incapable of fairly presenting his claims. See
3  *Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970). The claims in
4  this case are not especially complex. Also, the Court notes from the petition, and from the other
5  documents that petitioner has submitted to the Court, that petitioner is able to present matters to the
6  Court in an organized and understandable manner. Petitioner's motion shall be denied.

7  **IT IS THEREFORE ORDERED** that the Clerk shall **FILE and
8  ELECTRONICALLY SERVE** the petition and motion for counsel (ECF No. 1-1 and 1-2) upon the
9  respondents.

10  **IT IS FURTHER ORDERED** that the motion for counsel (ECF No. 1-2) is **DENIED.**

11  **IT IS FURTHER ORDERED** that respondents shall have **forty-five (45)** days from
12  entry of this order within which to answer, or otherwise respond to, the petition. In their answer or other
13  response, respondents shall address any claims presented by petitioner in his petition as well as any
14  claims presented by petitioner in any Statement of Additional Claims. Respondents shall raise all
15  potential affirmative defenses in the initial responsive pleading, including lack of exhaustion and
16  procedural default. **Successive motions to dismiss will not be entertained**. If an answer is filed,
17  respondents shall comply with the requirements of Rule 5 of the Rules Governing Proceedings in the
18  United States District Courts under 28 U.S.C. §2254. If an answer is filed, petitioner shall have **forty-
19  five (45) days** from the date of service of the answer to file a reply.

20  **IT IS FURTHER ORDERED** that, henceforth, petitioner shall serve upon the Attorney
21  General of the State of Nevada a copy of every pleading, motion, or other document he submits for
22  consideration by the Court. Petitioner shall include with the original paper submitted for filing a
23  certificate stating the date that a true and correct copy of the document was mailed to the Attorney
24  General. The Court may disregard any paper that does not include a certificate of service. After
25
26

respondents appear in this action, petitioner shall make such service upon the particular Deputy Attorney General assigned to the case.

Dated this 27th day of October, 2011.

_____
UNITED STATES DISTRICT JUDGE