UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| ANDY MILLER, | ) | |
| | ) | |
| Petitioner, | ) | 3:11-cv-00612-RCJ-VPC |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| RENEE BAKER, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Andy Miller presents a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the Court is respondents' Motion to Dismiss the Petition (ECF No. 9), petitioner's Opposition and Cross Motion for Summary Judgment (ECF No. 16), respondents' Response to the Cross Motion for Summary Judgment (ECF No. 18) and their Reply brief on the Motion to Dismiss (ECF No. 19). The Motion to dismiss is discussed below. The Cross-Motion for Summary Judgment shall be addressed initially.

Summary judgment is a procedural device available for prompt and expeditious disposition of controversy *without trial* when there is no dispute as to material fact. Petitioner has filed a petition for writ of habeas corpus. "[T]he writ of habeas corpus is not a proceeding in the original criminal prosecution but an independent civil suit." *Riddle v. Dyche*, 262 U.S. 333, 335-336, 43 S.Ct. 555, 555 (1923); *See, e.g. Keeney v. Tamayo-Reyes*, 504 U.S. 1, 14, 112 S.Ct. 1715, 1722 (1992) (O'Connor, J., dissenting). Modern habeas corpus procedure has the same function as an ordinary appeal. *Anderson v. Butler*, 886 F.2d 111, 113 (5th Cir. 1989); *O'Neal v. McAnnich*, 513 U.S. 440, 442, 115 S.Ct. 992 (1995) (federal court's function in habeas corpus proceedings is to "review errors in state

criminal trials"(emphasis omitted)). In a habeas proceeding, petitioner does not proceed to "trial." Therefore, the motion for summary judgment is improper. For all practical purposes, summary judgment is equivalent to the Court's making a determination on the merits of a habeas petition. As the Court will rule on the petition for writ of habeas corpus in due course, a motion for summary judgment in a habeas proceeding serves no purpose. Accordingly, the Cross Motion for Summary Judgment shall be denied.

**I.     Procedural Background**

The State of Nevada charged petitioner with one count of Burglary and one count of Battery with the Use of a Deadly Weapon Resulting in Substantial Bodily Harm, on May 29, 2008. Exhibit 2.[1] Petitioner conditionally waived his preliminary hearing on June 13, 2008, and was bound over to the district court for purposes of determining his competency to proceed to trial. Exhibit 1, p. 2; Exhibit 3. Thereafter, based on the reports of three doctors which indicated petitioner was not then competent to stand trial, he was committed to Lakes Crossing for "detention and treatment" for purposes of establishing his competency. Exhibit 4, p. 2; Exhibit 8. Petitioner was returned to the court on August 12, 2008, upon the findings of three doctors that petitioner was "capable of understanding the nature of the charges against him and is able to assist counsel in his defense." Exhibit 4, pp. 3-4, Exhibit 11. He was advised to continue with his medication and was transferred back to the justice court for preliminary hearing. *Id.* At the Justice Court, petitioner, through counsel, entered an unconditional waiver of his preliminary hearing and asserted his right to a speedy trial. Exhibit 13.

After two additional continuances of the arraignment in district court due to petitioner's unwillingness to cooperate with counsel, the district court conducted a colloquy with petitioner to confirm his desire to represent himself. Exhibit 4, p. 6. At the next continued hearing, a *Farretta* canvass was conducted, petitioner was permitted to represent himself, and the public defender was

---

[1] The exhibits referenced in this Order were submitted by respondents in support of their Motion to Dismiss and are found in the Court's docket at ECF No. 10.

appointed as stand-by counsel. *Id.* at 7. Trial was set for October 22, 2008, when the petitioner reasserted his right to a speedy trial. *Id.* at 8-9.

On the date of the trial, the state sought to amend the information, charging petitioner with Burglary and with Battery Constituting Domestic Violence with the Use of a Deadly Weapon Resulting in Substantial Bodily Harm. Exhibit 27. After assuring petitioner that there was no increase in the penalty for conviction on this charge, petitioner's motion to continue the trial because of the amended information was denied. Exhibit 28. At the conclusion of trial, petitioner was convicted on both counts. Exhibits 30 and 32. Petitioner was sentenced to concurrent sentences of 28-72 months on Count I and 48-120 months on Count II. The sentence was to run consecutive to a sentence petitioner was serving on another conviction (Case No. C229201). Exhibit 33. Petitioner was assessed a $5,000 fine and other assessments including a domestic violence assessment. *Id.* The judgment of conviction was entered on December 19, 2008. Exhibit 34.

A notice of appeal was filed by standby counsel and a notice of cross appeal by petitioner in proper person. Exhibits 36 and 37. The opening brief raised six claims for relief as follows:

> I. The trial court committed federal and state constitutional error by allowing appellant Miller to represent himself without reviewing the mental health evidence in the possession of the district court. A decision to allow a defendant with known mental health problems to represent himself can only be made after consideration of the mental health evidence available to the court.
>
> II. The trial court committed federal and state constitutional error by allowing the state to amend the charges to include a new substantive crime with a new penalty and standard of proof.
>
> III. The trial court violated the grand jury provision of the federal and state constitution by allowing the state to charge Miller, on the first day of trial, with a new offense not subject to pre-trial scrutiny.
>
> IV. The prosecution committed reversible error by misleading the court which then mislead Miller regarding the penalties for the new crime charged on the first day of trial.
>
> V. The trial court committed reversible error by denying Miller's request for a continuance in response to the state adding a substantive

        criminal charge in the Amended Information filed on the first day of trial.

   VI.     The trial court committed federal and state constitutional error by not re-arraigning the appellant on the new charge included in the amended information.

Exhibit 43. The order of affirmance was entered on January 8, 2010. Exhibit 48.

      Petitioner's proper person post-conviction petition was filed in the state court on March 21, 2010, raising four grounds for relief, including:

   Ground I.     Ineffective counsel and ineffective assistance of counsel

   Ground II.    Incompetent for self representation with mental health problems.

   Ground III.   Errors and irregularities.

   Ground IV.   Misconduct of counsel for prosecution.

Exhibit 50.

      The petition was denied by the trial court and that decision was affirmed by the Nevada Supreme Court on May 10, 2011. Exhibits 60 and 61. The instant federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was handed to prison officials for mailing on August 22, 2011. **II.**

**Discussion**

      Respondents move to dismiss the petition on grounds of non-exhaustion, procedural bar, and lack of a cognizable federal basis for ground five. Petitioner opposes the motion as discussed below.

   A.   <u>Exhaustion</u>

      A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).[2] State remedies have not been exhausted unless the claim has been fairly presented

---

[2] 28 U.S.C. § 2254(b) states, in pertinent part:

    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted

to the state courts. *Carothers v. Rhay*, 594 F.2d 225, 228 (9th Cir. 1979). The petitioner must describe "both the operative facts and the federal legal theory on which his claim is based so that the state courts might have a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim." *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) quoting *Kelly v. Small,* 315 F.3d 1063, 1066 (9th Cir. 2003). The petitioner must make the federal nature of the claim "explicit either by citing federal law or the decisions of the federal courts." *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), *amended*, 247 F.3d 904 (9th Cir. 2001). Additionally, a pro se petitioner may exhaust his claim by citing to state case law which applies the federal standard. *Peterson v. Lampert,* 319 F.3d 1153, 1158 (2003) ("citation to a state case analyzing a federal constitutional issues serves the same purpose as a citation to a federal case analyzing such an issue").

The mere similarity of claims of state and federal error is insufficient to establish exhaustion. *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999), *citing Duncan v. Henry,*, 513 U.S. 364, 366, 115 S.Ct. 887 (1995); *see also Lyons*, 232 F.3d at 668-69; *Shumway v. Payne,* 223 F.3d 982, 987 (9th Cir. 2000). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala*, 195 F.3d at 1106, *citing Gray v. Netherland*, 518 U.S. 152, 162-63 (1996); *see also Shumway*, 223 F.3d at 987.

The fact that the state court does not explicitly rule on the merits of petitioner's claims is irrelevant, because exhaustion requires only that the state court be given the opportunity to consider the claims that have been presented. *Smith v. Digmon*, 434 U.S. 332, 333-334, 98 S.Ct. 257, 258 (1978);

> unless it appears that: (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available state corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> * * *
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

5

*Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985); *accord Carter v. Estelle*, 677 F.2d 427 (5th Cir. 1982) and *United States ex rel. Giesler v. Walters*, 510 F.2d 887, 892 (3d Cir. 1975).

Contending that all of the grounds are unexhausted, respondents argue the entire petition must be dismissed. Petitioner argues that the claims were presented to the Nevada Supreme Court in his proper person appeal opening brief and suggests that respondents have intentionally hidden the brief from the Court and misrepresented its contents and effect. Respondents counter that the brief was included in the record presented to thisCourt, it was never filed with the Nevada Supreme Court but was marked "received/entered" on October 5, 2010, ( *see* Exhibit 58) and that it cannot act to exhaust the claims. In fact, they point to the Order of Affirmance, n. 4 for the court's language as follows:

> We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. <u>To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.</u>

Exhibit 61 (emphasis added).

Where the claims are presented for the first time in a procedurally inadequate or improper manner, such claims are not exhausted. A state may mandate that a petitioner use a particular procedure for a particular type of claim "so long as the right of review is not foreclosed or unduly limited. *Kellotat v. Cupp,* 719 F.2d 1027, 1030 (9th cir. 1983) (quoting *Thompson v. Procunier,* 539 F.2d 26, 28 (9th Cir. 1976) (per curiam)). In such a state, if the petitioner fails to invoke the required procedure, exhaustion is not satisfied even if the petitioner raises the claim through an alternative procedure. *See Kellotat,* 719 F.2d 1030 (holding that petitioner failed to exhaust state remedies by raising improper denial of appointment of appellate counsel on direct appeal instead of in post-conviction proceedings.).
 If the petitioner presents a claim for the first and only time in a procedural context in which its merits will not be considered absent special circumstances, the petitioner has not fairly presented the claim to the state courts. *Castille v. Peoples,* 489 U.S. 346, 351 (1989) (holding that petitioner failed to exhaust

6

state remedies by presenting claim in a petition for allocatur); *see also Roettgen v. Copeland,* 33 F.3d 36, 38 (9th Cir. 1994) (per curiam)( holding that petitioner failed to exhaust state remedies when he presented claim in the state habeas petition instead of Ariz. Rule 32 post-conviction proceeding).

Under this analysis, the claims and factual assertions raised in petitioner's proper person appeal brief that were not originally presented to the trial court in the post-conviction petition itself remain unexhausted.

### Ground One

In the instant petition, it is claimed that petitioner's rights under the Sixth Amendment to the United States Constitution were violated through the ineffective assistance of counsel. Petitioner describes the circumstances wherein he was evaluated and remanded to Lake Crossing for mental health treatment because he was initially found incompetent to stand trial.

He complains that upon his return to court, counsel improperly agreed to waive the preliminary hearing when petitioner asked him to do so. Petitioner contends that he was heavily medicated and tired and just wanted to lie down. Petitioner argues counsel should have asked for a continuance or competency hearing rather than waive the preliminary hearing, which waiver resulted in "errors of constitutional dimensions" when he was set to stand trial without a preliminary hearing.

In the state post-conviction petition, petitioner argued that he received ineffective assistance of counsel - without reference to any federal constitutional or statutory provision. Petitioner argues counsel allowed the waiver without any negotiations which caused damages to the defense.

Ground one is unexhausted where the state claim was not federalized in any way and where the contention that counsel should have asked for a continuance or for additional competency evaluation were never presented to the state court.

### Ground Two

In ground two, petitioner argues that he was denied the right to a fair trial when the Justice Court, being aware of his competency issues, allowed the preliminary hearing waiver and failed

to hold a competency hearing. Petitioner further alleges that the district court improperly denied him new counsel without making a proper inquiry about the reasons for the request and improperly allowed him to represent himself, despite his competency issues.

Comparing this claim to similar allegations in his direct appeal and his state post-conviction petition, it appears that petitioner's claim in ground two is unexhausted. First, in the state court proceedings petitioner never mentioned the justice court's purported failure to conduct a second competency hearing. Second, in the direct appeal, petitioner alleged a failure of the district court to review the mental health records about petitioner's competency prior to allowing him to self-represent, but made no claim that the court should have conducted a further competency hearing.[3] In his post-conviction petition, petitioner reiterates the issue from the direct appeal adding some facts related to the *Faretta* canvas and to medication he was receiving to treat his mental issues. The post-conviction petition, ground two, does not allege that the district court should have conducted a competency hearing, as is alleged in the federal petition. These new facts substantially alter the claim presented to this court, making ground two unexhausted. *Demarest v. Price,* 130 F.3d 922, 932 (10th Cir. 1997).

Ground Three

In this ground for relief, petitioner claims he was denied his Sixth Amendment right to present a defense when the court permitted a last-minute amendment to the charges against him and then denied him a continuance to allow him to understand the amendment. Petitioner alleges that even when he informed the court that he would not be participating in the trial because of the changed charge, the court still wrongfully denied a continuance and improperly allowed stand-by counsel to take over. Finally, petitioner alleges his rights were violated because the new charge was never subjected to the testing of a preliminary hearing.

---

[3] The district judge considering self-representation issue before trial was not the same district judge that conducted the competency review prior to waiver of the preliminary hearing. *See* Exhibit 43, p. 12.

Respondents argue that this ground for relief is unexhausted because petitioner has not previously asserted to the state courts that he attempted "several times" to offer the trial court his reasons for a continuance, that he never previously asserted the rationale for the numerous bench conferences was to prevent the record from reflecting the truth, and that he had not federalized these additional factual allegations.

In the state post-conviction petition, this claim for relief was identified as "errors and irregularities." Nothing in the ground offers any suggestion of a federal basis for relief. Petitioner does state that the denial of counsel and the opportunity to cross examine witnesses rendered the trial "highly irregular." Exhibit 50, p. 9A. However, there is no reference to a federal constitutional or statutory foundation for the claim. A petitioner must make the federal claim explicit. *Castillo v. McFadden*, 399 F.3d at 999. The petitioner failed to make the federal nature of the claim "explicit either by citing federal law or the decisions of the federal courts." *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), *amended*, 247 F.3d 904 (9th Cir. 2001).   Ground three is unexhausted.

Ground Four

In ground four, petitioner alleges his Fourteenth Amendment right to a fair trial was violated when the court permitted improper jury selection to proceed even after petitioner had informed the trial court that, due to the last minute amendment of the information, he would not be representing himself nor would he participate in an "unfair trial." He complains that the court improperly directed the stand-by counsel, referred to by petitioner as the "former defense counsel," to take the role of trial counsel and handle the jury voir dire. Petitioner contends that counsel then "untruthfully" informed the court that petitioner was waiving all of his peremptory challenges. Petitioner argues that, as a result, his conviction was obtained in an unfair proceeding.

Respondents argue that this claim is duplicative of ground three and that petitioner failed to raise the claims in state court as a federal violation. They also note that while some of the same facts were raised by petitioner in his ineffective assistance of counsel claim on post-conviction review (exhibit

1  50, p. 7a), any underlying substantive claim, such as presented here, will not be exhausted by that means.
2  Petitioner's opposition relies on the substance of the proper person appellate brief, which has been
3  disqualified as a means to exhaustion. *See supra.*, at section II. A., pp. 6-7.

4  The claim is duplicative of ground three with the exception that it raises a federal claim
5  under the Fourteenth Amendment. However, because the claim was never federalized in state court, it
6  is unexhausted. Moreover, respondents are correct. Under *Rose v. Palmateer,* 395 F.3d 1108, 1112 (9th
7  Cir. 2005), petitioner cannot exhaust his claims by presenting them as instances of ineffective assistance
8  of counsel in the state court. Ground four is unexhausted.

9  Ground Five

10  Petitioner next claims his Fifth Amendment right to due process was violated when the
11  trial court, on the morning of trial, allowed the State to amend the Information to include a new charge
12  with a different standard of proof and penalty. He further alleges that the prosecutor misled the court
13  as to the penalty for the new charge.

14  Respondents argue that this claim is a combination of grounds 2, 3, 4 and 5 on direct
15  appeal and that such combination of claims is improper. Respondents fail, however, to provide any legal
16  authority to support this contention and offer no logic or good reasoning that a court should reach such
17  a conclusion. Additionally, respondents suggest that "[w]hile the basic factual allegations can be found
18  among the four claims presented on direct appeal, not all of the claims were federalized." Motion to
19  Dismiss, p. 11. Respondents point to the fourth ground for relief on direct appeal, which was based on
20  state law and raised no federal basis for relief in arguing that the prosecutor mislead the court.

21  Based on a review of the record in comparison to this ground for relief, it appears that
22  ground five is, in fact, exhausted. Respondents overlook the factual assertion in the federalized ground
23  two of the direct appeal which asserts that the prosecutor told petitioner that the amendment did not
24  increase the penalty and that the assertion was false. *See* Exhibit 43, pp. 14-15. Construing a pro se
25  petitioner's pleading liberally, s*ee Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S.
26

519, 520 (1972) (per curiam), the Court concludes that ground five of the petition was exhausted through direct appeal.

### Ground Six

In this claim for relief, petitioner alleges trial court error which violated his Sixth Amendment due process rights when the court failed to arraign him on the amended information. Petitioner reasserts the fact of his objection to the amendment and his refusal to participate in the unfair trial. He restates his claim that counsel failed to object to any jurors and improperly waived any challenges to those selected. Additionally, petitioner asserts he did not receive a fair trial because the victim witness testified falsely.

Respondents argue the claim is unexhausted because the claims presented to the state courts based on the lack of arraignment or pre-trial scrutiny of the new charge was not federalized. The Court agrees. The Court also notes that the assertion that he objected to the amended information and, after he refused to participate in the "unfair" trial, stand-by counsel waived his challenges to jurors was also presented to the state courts as state law claims. "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). "A mere error of state law ... is not a denial of due process. The Due Process Clause ... safeguards not the meticulous observance of state procedural prescriptions, but the fundamental elements of fairness in a criminal trial." *Rivera v. Illinois*, 556 U.S. 148, 158, 129 S.Ct. 1446, 1454 (2009) (internal citations and quotations omitted).

The facts related to the victim's testimony have not been presented to the state courts either on direct appeal or in the post-conviction proceedings. Moreover, as respondents note, these claims are conclusory because petitioner fails to demonstrate through the record that such testimony was false: he merely asserts that fact baldly. Ground six is unexhausted.

### Ground Seven

1    Finally, in ground seven, petitioner claims ineffective assistance of appellate counsel in violation of his rights guaranteed by the Sixth Amendment. He claims the fact that his appellate counsel came from the same office as his trial counsel - the public defender's office - a conflict of interest existed. He argues that the conflict cause appellate counsel to not raise or to raise inadequately "significant and obvious issues" including issues of defense counsel's conduct in justice court and at trial.

Respondents argue that petitioner did not raise a claim of ineffective assistance of appellate counsel in his post-conviction petition. The Court, having reviewed the state petition, agrees. Petitioner has not presented any claim to the Nevada courts related to the performance of his appellate counsel. Ground seven is unexhausted.

Grounds one, two, three, four, six and seven are unexhausted and are subject to dismissal from the petition.

B.    Procedural Default

Respondents next argue that all but ground five of the petition are procedurally barred due to default in timely and properly presenting the claims to the state court, precluding this Court from granting relief on the merits of the claims.

Generally, in order for a federal court to review a habeas corpus claim, the claim must be both exhausted and not procedurally barred. *Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir. 2003). Procedural default refers to the situation where a petitioner in fact presented a claim to the state courts but the state courts disposed of the claim on procedural grounds rather than denying the claim on the merits. A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

Because the Court concludes that those grounds have not been exhausted, the Court will not consider them on their merits and need not address any potential procedural bars.

C.  Ground Five - Cognizability

Finally, respondents argue that ground five of the petition is not cognizable as a federal constitutional or statutory violation and it must, therefore, be dismissed. Respondents contend that petitioner relied "on the Nevada Constitution" for the bases of his claim in this ground: that the state amended the information to include a new crime and thereby violated the "State's grand jury provisions." Motion to Dismiss, p. 16.

Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable under federal habeas corpus. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). A state law issue cannot be mutated into one of federal constitutional law merely by invoking the specter of a due process violation. *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996), *cert. denied*, 522 U.S. 881 (1997). Only if the state law creates a liberty interest protected by the United States Constitution would violation of that law invoke federal habeas protection. For that to occur, the law must set forth substantive predicates to govern official decision-making and it must contain explicitly mandatory language requiring a certain outcome if the substantive predicate has been met. *See Kentucky Dept. Of Corrections v. Thompson,* 490 U.S. 454, 462-63, 109 S. Ct. 1904 (1989). Moreover, where the case is governed by the AEDPA, the liberty interest must be one recognized by the United States Supreme Court. *See Nunes v. Ramirez-Palmer,* 485 F.3d 432, 443 (9th Cir. 2007) *cert.* denied 128S.Ct. 404 (2007) (rejecting petitioner's liberty interest claim under § 2254(d)(1) because "the United States Supreme Court has never recognized California's *Sumstine* doctrine as creating a liberty interest that is protected by the Fourteenth Amendment"). Only if such a liberty interest has been recognized by the United States Supreme Court can the state court's determination of this claim be contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States, a perquisite to this Court's grant of relief.

Respondents' argument is disingenuous because it completely ignores petitioner's reference to both the federal and state constitutions in the petition and in the original opening brief on

direct appeal. *See* ECF No. 6, p. 16 of 36 and Exhibit 43, p.13. The Fifth Amendment of the United States Constitution provides the right petitioner complains he was denied: "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury,...." Here, petitioner complains that the charges against him were amended on the dawn of trial without notice and without any arraignment or preliminary hearing violating his Fifth Amendment rights. This claim is a federally cognizable claim founded on an alleged violation of the United States Constitution. The motion to dismiss as to ground five shall be denied.

### III.   Conclusion

Because ground five is exhausted, not procedurally barred and gives rise to a claim cognizable under 28 U.S.C. § 2254, it survives the motion to dismiss. As a result, petitioner presents a mixed petition containing both exhausted and unexhausted for relief. As such, the entire petition is subject to dismissal, unless petitioner elects to abandon the unexhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 521-22 (1982); *Szeto v. Rusen*, 709 F.2d 1340, 1341 (9th Cir.1983). Alternatively, federal courts have the discretion to stay the federal proceedings for purposes of allowing a petitioner to return to state court inorder to exhaust the unexhausted claims. However, in *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528 (2005), the Supreme Court placed some limitations upon the discretion of this Court to facilitate habeas petitioners' return to state court to exhaust claims. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277.

14

Because the petition is mixed and contains unexhausted grounds for relief, the Court will grant the motion to dismiss in part. However, in view of *Rhines*, before the Court determines how to handle petitioner's mixed petition, the Court will grant petitioner an opportunity to show good cause for his failure to exhaust his unexhausted claims in state court, and to present argument regarding the question whether or not his unexhausted claims are plainly meritless. Respondent will be granted an opportunity to respond, and petitioner to reply.

Alternatively, petitioner may advise the Court of his desire to abandon the unexhausted claims by filing with the Court a sworn declaration of abandonment, signed by the petitioner, himself.

**IT IS THEREFORE ORDERED** that the motion to dismiss (ECF No. 9) is **GRANTED IN PART AND DENIED IN PART.** Ground five of the petition is cognizable, exhausted and not procedurally defaulted. Grounds one, two, three, four, six and seven are unexhausted.

**IT IS FURTHER ORDERED** that petitioner shall have thirty (30) days from the date of entry of this Order to show good cause for his failure to exhaust his unexhausted claims (grounds 1-4 and 6-7) in state court, and to present argument regarding the question whether or not his unexhausted claims are plainly meritless. Respondents shall thereafter have twenty (20) days to respond. Petitioner shall thereafter have fifteen (15) days to reply.

**IT IS FURTHER ORDERED** that alternatively, petitioner may advise the Court of his desire to abandon the unexhausted claims (grounds 1-4 and 6-7) by filing a sworn declaration of abandonment, signed by the petitioner, himself. This declaration shall be filed within the thirty days allowed to show cause for non-exhaustion.

**IT IS FURTHER ORDERED** that the cross-motion for summary judgement (ECF No. 16) is **DENIED**.

Dated this 3rd day of August, 2012.

_____
UNITED STATES DISTRICT JUDGE