**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

ANDY MILLER,

        Petitioner,

vs.

RENEE BAKER,

        Respondent.

3:11-cv-00612-RCJ-VPC

ORDER

Before the Court are Petitioner's Response to the Court's order of August 3, 2012 ((ECF No. 26), and Respondents' Response to the Response (ECF No. 27). The Court previously found that Petitioner had not exhausted all of his grounds for relief. Having reviewed these documents, the Court finds that petitioner has failed to demonstrate that a stay is warranted under *Rhines v. Weber,* 544 U.S. 269, 125 S.Ct. 1528 (2005). Therefore, the petition shall be dismissed as mixed.

The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims

> first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277.

The Ninth Circuit has held that the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines*. *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). This Court has declined to prescribe the strictest possible standard for issuance of a stay. "[I]t would appear that good cause under Rhines, at least in this Circuit, should not be so strict a standard as to require a showing of some extreme and unusual event beyond the control of the defendant." *Riner v. Crawford*, 415 F. Supp.2d 1207, 1210 (D. Nev. 2006). Thus, a petitioner's confusion over whether or not his petition would be timely filed constitutes good cause for the petitioner to file his unexhausted petition in federal court. *See Riner v. Crawford*, 412 F. Supp.2d at 1210 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 416-17 (2005)). However, the circuit court has held that a mere lack of knowledge about whether or not a claim was previously exhausted is insufficient cause. *Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir.2008) ("To accept that a petitioner's "impression" that a claim had been included in an appellate brief constitutes "good cause" would render stay-and-obey orders routine. Indeed, if the court was willing to stay mixed petitions based on a petitioner's lack of knowledge that a claim was not exhausted, virtually every habeas petitioner, at least those represented by counsel, could argue that he thought his counsel had raised an unexhausted claim and secure a stay.").

1         Petitioner has not shown good cause to stay this action pursuant to *Rhines*. He states that his claims have strong merit and that the state courts have not determined that they are meritless, but probably would do so in order to avoid addressing them. *See* Response to Order (ECF No. 26) at 3-4. He argues that the state courts have merely practiced "escapism" in order to avoid addressing the merits of his claim. *Id.* He contends that the state courts' escapism is the cause for his failure to exhaust the claims. However, he does not suggest that the courts' actions occurred despite his best efforts to bring the claims in a proper procedural manner or that he was misinformed by the courts or his counsel as to the status of his claims or other circumstances related to the claims' presentation. Furthermore, petition makes clear that he does not intend to abandon his claims.

        Petitioner's arguments as to the merits of his claim are empty of specifics. He makes to reference to the substance of the unexhausted claims and fails to demonstrate their merits by any particular way. Such vague arguments are unpersuasive. Therefore, a *Rhines* stay and abeyance must be denied.

        Because petitioner is not entitled to a *Rhines* stay, he will be given an opportunity to file an amended petition which contains only the exhausted ground 5. If he fails to do so, the petition will be dismissed in its entirety as mixed. Any amended petition which contains any claims other than that presented as ground 5 in his original petition (ECF No. 6) will be summarily dismissed.

        **IT IS THEREFORE ORDERED** that petitioner's request for a stay and abeyance (Response to Order, ECF No. 26) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner shall have thirty (30) days from the date of entry of this Order to file an amended petition presenting his sole exhausted ground for relief (Ground Five). Failure to timely file the amended petition will result in the present petition being dismissed and the action closed.

Dated this 15th day of January, 2013.

_____
United States Chief District Judge