# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ANDY MILLER,

    Petitioner,

vs.

RENEE BAKER, et al.,

    Respondents.

Case No. 3:11-cv-00612-RCJ-VPC

**ORDER**

    Before the court are the amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (#29) and respondents' answer (#31). The court finds that petitioner is not entitled to relief, and the court denies the petition.

    Petitioner originally was charged in state court with one count of burglary and one count of battery with use of a deadly weapon resulting in substantial bodily harm. Ex. 15 (#10). Petitioner represented himself. On the first day of trial, just before jury selection, the prosecution was allowed to amend the information. Petitioner was charged with one count of burglary—that charge did not change—and one count of battery <u>constituting domestic violence</u> with use of a deadly weapon resulting in substantial bodily harm; the emphasized phrase is the difference in the charges between the original information and the amended information. Ex. 27 (#12).

    At trial, the victim testified that she and petitioner had been in a dating relationship from February to April, 2008. Ex. 28, at 92-94 (#12). On May 27, 2008, petitioner was present at her residence. Petitioner bit her. <u>Id.</u> at 101 (#12). Then he choked her. <u>Id.</u> at 104-05. He bit her thumb. <u>Id.</u> at 108. In a struggle, she pushed petitioner out of the residence. <u>Id.</u> at 110. Petitioner

kicked and broke the kitchen window. Id. at 119. Petitioner re-entered the residence. Petitioner grabbed a pan and hit her on the head. Id. at 121-23. Among other injuries, the victim had several lacerations on her head, which required 27 staples to close, a concussion, and fluid on her brain. Id. at 143-45. The jury found petitioner guilty on both counts, and he was convicted. Ex. 34 (#12).

Petitioner appealed, and the Nevada Supreme Court affirmed. Ex. 48 (#11). Petitioner pursued state post-conviction relief, but none of the grounds in that petition relate to the sole remaining ground in this action.

After conclusion of state post-conviction proceedings, which are not relevant to the sole remaining ground of the amended petition, petitioner commenced this action. The original petition (#6) contained seven (7) grounds. Respondents filed a motion to dismiss (#9), arguing various procedural defenses. The court granted the motion in part (#21), finding that all grounds but ground 5 were not exhausted in the state courts. The court denied petitioner's request for a stay of the action while he returned to state court (#28). Petitioner filed an amended petition (#29), raising the sole unexhausted ground. Respondents' answer (#31) followed.

Congress has limited the circumstances in which a federal court can grant relief to a petitioner who is in custody pursuant to a judgment of conviction of a state court.

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "By its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." Harrington v. Richter, 131 S. Ct. 770, 784 (2011).

> Federal habeas relief may not be granted for claims subject to § 2254(d) unless it is shown that the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of this Court, § 2254(d)(1); Williams v. Taylor, 529 U.S. 362, 412 (2000); or that it "involved an unreasonable application of" such law, § 2254(d)(1); or that it "was based on an unreasonable determination of the facts" in light of the record before the state court, § 2254(d)(2).

Richter, 131 S. Ct. at 785. "For purposes of § 2254(d)(1), 'an unreasonable application of federal law is different from an incorrect application of federal law.'" Id. (citation omitted). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Id. (citation omitted).

> [E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations.

Yarborough v. Alvarado, 541 U.S. 652, 664 (2004).

> Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court.

Richter, 131 S. Ct. at 786.

> As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

Id., at 786-87.

In the remaining ground for relief, petitioner claims that the trial court violated due process, first by allowing the prosecution to amend the information to change the battery charge, and second by refusing to grant petitioner a continuance. On these issues, the Nevada Supreme Court held:

> Appellant next argues that the district court erred in granting the State's motion to amend the information on the first day of trial. Appellant did not object to the amendment below as required by NRS 174.105(1). Absent good cause, an appellant may not challenge for the first time on appeal an amendment to an information. NRS 174.105(2); Rosneau v. State, 90 Nev. 161, 162-63, 521 P.2d 369, 369-70 (1974). Because appellant has offered no explanation to demonstrate good cause, we conclude this claim is waived. . . .
>
> Appellant next argues the district court abused its discretion when it denied his motion to continue trial after granting the State's motion to amend the information. The district court denied appellant's motion, noting appellant's insistence on the short-set trial date and expressing its disinclination to continue the trial absent a problem with witness availability. Appellant has not stated what additional information would have resulted from a continuance and has therefore failed to demonstrate prejudice from the denial of his motion. See Rose v. State, 123 Nev. 194, 206, 163 P.3d 408, 416 (2007). Accordingly, we conclude the district court did not abuse its discretion, see Zessman v. State, 94 Nev. 28, 31, 573 P.2d 1174, 1177 (1978), and deny appellant's claim on this basis.
>
> Finally, appellant argues he was prejudiced when the prosecutor misled the district court regarding the possible penalties based on the amended information. To the extent the

prosecutor misled the district court as to the possible penalties, appellant nevertheless fails to demonstrate prejudice at trial. Accordingly, we conclude no relief is warranted on this basis.

Ex. 48, at 2, 3-4 (#11).

Amending the battery charge required the prosecution to prove an element of domestic violence. For the purposes of this case, domestic violence occurred if petitioner committed a battery upon a person with whom he has had a dating relationship. Nev. Rev. Stat. § 33.018(1). As noted above, the victim and petitioner were in a short dating relationship a few months before the attack. Ex. 28, at 92-94 (#12). This is evidence that would have been introduced even if the prosecution did not amend the battery charge to include domestic violence, because it provided the jury with the context behind petitioner's attack upon the victim. Furthermore, petitioner had personal knowledge of the relationship, and thus the victim's testimony could not have surprised him. The additional domestic-violence element could not have prejudiced petitioner.

Petitioner also suffered no prejudice from the minimal differences in penalties. Charging petitioner with battery constituting domestic violence had no effect upon the possible prison sentence that petitioner could have received. At worst, a person convicted of battery constituting domestic violence could be imprisoned for a minimum term of not less than one (1) year and a maximum term not more than five (5) years, and that is for a third offense within seven (7) years. Nev. Rev. Stat. §§ 200.485(1), (2), 193.130(2)(c). However, if the penalty under the main battery statute is greater, then that penalty applies. Nev. Rev. Stat. § 200.485(1), (2). There is no dispute that petitioner used a deadly weapon and that the victim suffered substantial bodily harm. See Ex. 28, at 121-23, 143-45. Under those circumstances, the main battery statute provides for imprisonment for a minimum term not less than two (2) years and a maximum term not more than fifteen (15) years. Nev. Rev. Stat. § 200.481(2)(e)(2). The state district court used § 200.481(2)(e)(2) in sentencing petitioner to a minimum term of four (4) years and a maximum term of ten (10) years. Ex. 34 (#12). The addition of the domestic-violence element did not cause petitioner to spend any more time in prison than he otherwise would have spent.

The other differences in penalties are minimal. Battery constituting domestic violence required petitioner to attend counseling, required petitioner to pay an administrative assessment of

thirty-five dollars ($35.00), and was ineligible for probation. Only the ineligibility for probation is possibly a significant difference, but petitioner has not shown that he would have received probation if the prosecution did not pursue the domestic-violence element. Given petitioner's repeated attacks upon the victim and the nature of her injuries, the court concludes that probation was not even a remote prospect for petitioner. Consequently, the differences in the potential penalties between battery and battery constituting domestic violence in petitioner's case did not cause petitioner any prejudice.

To appeal the denial of a petition for a writ of habeas corpus, Petitioner must obtain a certificate of appealability, after making a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c).

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also James v. Giles, 221 F.3d 1074, 1077-79 (9th Cir. 2000). Reasonable jurists would not find debatable or wrong the court's conclusions that grounds 1, 2, 3, 4, 6, and 7 were not exhausted in the state courts. Reasonable jurists also would not find debatable or wrong the court's determination that the remaining ground for relief is without merit. The court will not issue a certificate of appealability.

IT IS THEREFORE ORDERED that the amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (#29) is **DENIED**. The clerk of the court shall enter judgment accordingly.

///
///
///
///

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

Dated:   August 26, 2014.

_____
ROBERT C. JONES
United States District Judge